UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RELLEN HOUSTON CLARK,

    Plaintiff,

v.                                                    CASE NO. 3:11-cv-899-J-32JBT

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Affidavit of Indigency and Application to Proceed *In Forma Pauperis* ("the Application") (Doc. 2).[2] For the reasons set forth herein, it is respectfully **RECOMMENDED** that the Application be **DENIED** and the case be **DISMISSED**.

In short, Plaintiff asserts a claim under the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), which amended the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] The day before Plaintiff initiated this lawsuit, she filed another apparently unrelated lawsuit, in which she alleges that she "did not receive due process" in relation to a Florida state court appeal from an administrative decision of Florida's Education Practices Commission. *See* Amended Complaint, *Clark v. Fla. Dep't of Educ.*, 3:11-cv-898-J-37JBT (M.D. Fla. Nov. 30, 2011) (amending the original Complaint, which was filed on September 6, 2011). Today, the undersigned is also recommending that Plaintiff be denied *in forma pauperis* status in that case, and that the case be dismissed. She also previously filed a case in this district, in which she alleged racial discrimination against the School Board of Bradford County. *See* Complaint, *Clark v. Sch. Bd. of Bradford Cnty., Fla.*, 3:09-cv-901-J-34TEM (M.D. Fla. Sept. 2, 2009).

§§ 201, *et seq.*, and is subject to the FLSA's statute of limitations. (Doc. 9.) She bases this claim on employment that ended in 1997 (Doc. 1 at 1), and thus it is clearly time barred pursuant to the FLSA's statute of limitations, *see* 29 U.S.C. § 255(a). This defense is apparent and obvious from the face of the complaints. Moreover, it is questionable whether Plaintiff meets the financial criteria to proceed *in forma pauperis*. Accordingly, it is recommended that this case be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). In the alternative, the Court may wish to exercise its discretion and allow Plaintiff an opportunity to pay the filing fee rather than simply dismiss the case. *See* Order, *Ridley*, 3:11-cv-80-J-32JBT (M.D. Fla. Aug. 8, 2011) (citations omitted).

**I.    The Complaint**

The Amended Complaint, which is the operative complaint, is brief enough that the Court can quote all of the material allegations contained therein. It reads:

> The plaintiff states that this court has jurisdiction over this claim based on The Equal Pay Act of 1963 which states equal pay for equal work. The Pay Act of 1963 established the requirement that woman [sic] should receive Equal pay for equal work.
> The Defendant misclassified plaintiff as and [sic] independent contractor instead of employee. This eliminated the defendant from paying all wages and benefits to the plaintiff and all taxes and monies due to the federal government.
> The Lilly Ledbetter Fair pay Act of 2009 eliminates time frame for discrimination.
> The District Courts of Appeal established that plaintiff was an employee not an independent contractor on July 23, 1999.
> The defendant paid plaintiff contractor wages in stead [sic] of postal service wages. There were male employees working at the same post office which received postal service wages and benefits.

2

> We all performed the same job which required equal skill, effort and responsibility. We were all in the same post office working under the same conditions[.]
> Wherefore the plaintiff is requesting equal pay and benefits for equal work performed in the amount of 1.5 million dollars[.]

(Doc. 9.)

## II. Background

On September 7, 2011, Plaintiff, who is proceeding *pro se*, filed the original Complaint ("Original Complaint") (Doc. 1) and the Application (Doc. 2). The Complaint referenced the FLSA and stated that Plaintiff's employment with Defendant ended in 1997. (Doc. 1 at 1.) In its Order of October 3, 2011, the Court took the Application under advisement and ordered Plaintiff to file an amended complaint and submit a supplemental financial affidavit on or before October 24, 2011. (Doc. 6.) The Court explained that, although the Complaint referenced the FLSA and sought back wages, it failed to state a plausible claim for relief under that Act. (*Id.*) The Court also stated that it appeared any FLSA claim Plaintiff seeks to raise is barred by the applicable statute of limitations. (*Id.*) In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court gave Plaintiff an opportunity to re-plead. (*Id.*)

After being granted an extension, Plaintiff filed the Amended Complaint (Doc. 9) and a supplemental affidavit of indigency ("Supplemental Affidavit") (Doc. 10) on November 30, 2011.

### III. Analysis

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that Plaintiff has sufficiently demonstrated that she meets the financial criteria to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

#### A. "[F]rivolous or malicious"

The United States Supreme Court has recognized that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court has the discretion to dismiss the action *sua sponte* if it is frivolous or malicious. *See id.* "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. . . . When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2

(11th Cir. 1990) (citation omitted). In addition, the Eleventh Circuit has recognized that a court may consider a plaintiff's history of filing unmeritorious litigation when determining whether a complaint is frivolous. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

In the present case, Plaintiff waited at least eleven years too long to file her lawsuit. She asserts a claim under the EPA, 29 U.S.C. § 206(d), alleging that Defendant engaged in pay discrimination against her, on the basis of sex. (Doc. 9.) "The [EPA] amended § 206 of the FLSA . . . , and the FLSA's statute of limitations . . . appl[ies] to EPA claims." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008) (citations omitted). For FLSA claims arising out of "a willful violation," a three-year statute of limitations applies. 29 U.S.C. § 255(a). For all other FLSA claims, a two-year statute of limitations applies. *Id.* In the original Complaint, Plaintiff stated that her employment with Defendant ended on January 24, 1997 (Doc. 1 at 1)—more than fourteen years prior to Plaintiff initiating this lawsuit. Thus, it is apparent from the Court's records that Plaintiff's EPA claim is barred by the applicable statute of limitations, and for this reason, it is recommended that this case be dismissed as frivolous. *See Clark*, 915 F.2d at 641 n.2.

Apparently arguing that her claim is not time barred, Plaintiff states in the Amended Complaint that "[t]he Lilly Ledbetter Fair [P]ay Act of 2009 eliminates [the] time frame for discrimination." (Doc. 9 at 1.) This is an incorrect statement of the

5

law.  Moreover, although that Act modified the statute of limitations for other federal statutes, it had no effect on the FLSA or its statute of limitations.  *See* Pub. L. No. 111-2, 123 Stat. 5 (responding to the Supreme Court's decision in *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), which interpreted the statute of limitations for Title VII claims and expressly distinguished such claims from those brought under the EPA and FLSA, *id.* at 640-41).  Moreover, even if this Act did apply to the FLSA's statute of limitations, it would not save a cause of action that is based on employment that ended more than fourteen years prior to when the lawsuit was filed.  *See* Pub. L. No. 111-2, 123 Stat. 5 (allowing recovery for back pay for up to two years preceding the filing of the charge, even if the unlawful practice began before the two-year period).

Moreover, as noted above, the day before Plaintiff initiated this lawsuit, she filed another apparently unrelated lawsuit, in which she alleges that she "did not receive due process" in relation to a Florida state court appeal from an administrative decision of Florida's Education Practices Commission.  *See* Amended Complaint, *Clark v. Fla. Dep't of Educ.*, 3:11-cv-898-J-37JBT (M.D. Fla. Nov. 30, 2011) (amending the original Complaint, which was filed on September 6, 2011).  Today, the undersigned is also recommending that Plaintiff be denied *in forma pauperis* status in that case, and that the case be dismissed.  In addition to the statute-of-limitations consideration discussed above, the undersigned considers this other unmeritorious case filed by Plaintiff in concluding that the present case is frivolous.

B. **Financial Criteria**

Regarding the financial criteria an applicant must meet in order to proceed *in forma pauperis*, the Eleventh Circuit has articulated the applicable standard as follows:

> When considering a motion filed pursuant to § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.

*Martinez v. Kristi Kleaners*, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citations omitted).

The Court considers both the Application (Doc. 2) and the Supplemental Affidavit (Doc. 10) in determining whether Plaintiff meets the financial criteria to proceed *in forma pauperis*. Plaintiff is divorced. (Docs. 2 & 10.) She appears to have her own bail bonds business that pays her somewhere between $1,200 and $1,500 per month. (Doc. 2 (stating that she makes $1,200 per month); Doc. 10 (stating in one location that she makes $1,394 on average per month and, in another, that she makes $1,500 per month).) She expects $2,500 in income next month. (Doc. 10 at 1.) In regard to Plaintiff's living expenses, the Application and Supplemental Affidavit are confusing. In the Application, she states that she owns her home free and clear, but later on the same page, states that she has a $975

7

monthly rent obligation.  (Doc. 2 at 3.)  Plaintiff also states that she has $50 per month for recreation and entertainment.  (Doc. 10 at 4.)

Given Plaintiff's financial representations discussed above, as well as the other representations contained in the Application and the Supplemental Affidavit, it is questionable whether Plaintiff meets the financial criteria to proceed *in forma pauperis*.  However, the Court will not recommend that the Application be denied on this additional basis.  The Court is pointing this out because the Court has broad discretion to determine which litigants should have their filing fees and court costs assumed by the public, and the Court may want to consider allowing Plaintiff an opportunity to pay the filing fee rather than simply dismissing the case.  *See* Order, *Ridley*, 3:11-cv-80-J-32JBT (M.D. Fla. Aug. 8, 2011) (citations omitted).

Upon consideration of the foregoing, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

**DONE AND ENTERED** at Jacksonville, Florida, on December 13, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:  The Honorable Timothy J. Corrigan
United States District Judge

*Pro se* Plaintiff

8