## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

RELLEN HOUSTON CLARK,

        Plaintiff,

v.                                        CASE NO.: 3:11-cv-899-J-32JBT

UNITED STATES POSTAL SERVICE,

        Defendant.
_____

### ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Vacate Denial to Proceed *in Forma Pauperis* and Resubmit Application for Indigency (Doc. 14), which the Court construes as either a motion to amend a judgment pursuant to Fed. R. Civ. P. Rule 59 or a motion for relief from a judgment pursuant to Fed. R. Civ. P. Rule 60.  For the reasons set forth herein, Plaintiff's Motion is **DENIED**.

The decision to grant a Rule 59 or Rule 60 motion is within the sound discretion of the Court.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) ("The district courts are necessarily afforded substantial discretion in ruling on motions for reconsideration . . . However, this Court recognizes that a reconsideration of a previous order is an extraordinary remedy to be employed sparingly.").  Under Rule 59(e), a motion to amend a judgment must be filed no later than twenty-eight days after judgment.  The Eleventh Circuit has held that an order dismissing a complaint can constitute a judgment for Rule 59 time allotment purposes.  See Burnam v. Amoco Container Co., 738 F.2d 1230, 1232 (11th Cir. 1984) (establishing that the court's order dismissing appellant's

complaint was a sufficient judgment for purposes of a subsequent Rule 59(e) motion). Because the Court filed the Order (Doc. 13) which denied Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 2) and dismissed the case on February 28, 2012, and Plaintiff did not file the instant Motion until April 5, 2012, thirty-seven days later, Plaintiff's Rule 59 motion is untimely and is therefore denied.

Alternatively, Plaintiff's request for relief from the Court's Order in order to amend her application for indigency is also denied pursuant to Rule 60. This request is not the result of a clerical mistake, oversight, or omission as set forth in Rule 60(a). Likewise, it does not arise out of any of the grounds for relief enumerated in Rule 60(b), with the exception of Rule 60(b)(6), which provides a party with relief from an order for "any other reason that justifies relief." Although this subsection appears to paint with a broad brush, relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Plaintiff has already been given the opportunity to submit a motion for leave to proceed *in Forma Pauperis* (Doc. 2) and a subsequent opportunity to amend that motion (Doc. 10). Plaintiff asserts that relief from the Order is an appropriate remedy because the Magistrate Judge dismissed the case without indicating whether the dismissal was with or without prejudice, which prevented Plaintiff from resubmitting her application for indigency at an earlier date (Doc. 11). Although the Report and Recommendation of the Magistrate Judge does not indicate the type of dismissal recommended, in the Court's Order adopting the Report and Recommendation, which was sent to Plaintiff on February 29, 2012, the

Court stated, "This case is therefore DISMISSED without prejudice to plaintiff paying the filing fee to maintain prosecution of this suit no later than March 30, 2012." (Doc. 13 at 2). Thus, this is not an exceptional circumstance under which relief can be granted as Plaintiff was fully informed that the case was dismissed without prejudice and she was free to respond within the parameters of the Order (Doc. 13).

Moreover, the Court's Order dismissing the case expressly states that the case is frivolous because it was time barred pursuant to the FLSA's statute of limitations and, thus, not eligible for prosecution under the *in Forma Pauperis* statute, 28 U.S.C.1915(e)(2)(b)(ii) (Doc. 13). Therefore, the Magistrate Judge's alleged confusion regarding Plaintiff's motion for leave to proceed *in Forma Pauperis* had no bearing on the dismissal of the case and, thus, is not an extraordinary circumstance sufficient to justify Rule 60 relief (Docs. 11 and 13).

Accordingly, for the reasons stated above, it is hereby

**ORDERED**:

Plaintiff's Motion to Vacate Denial to Proceed *in Forma Pauperis* and Resubmit Application for Indigency (Doc. 14) is **DENIED**.

**DONE and ORDERED** in Jacksonville, Florida this 6th day of June, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

cm.
Copies To:
Pro se Plaintiff